Mamudoski-Ajvaz v. Holder

BIA
A029 941 216
A029 941 217

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of April, two thousand thirteen.

PRESENT:
>       DENNIS JACOBS,
>            *Chief Judge,*
>       PIERRE N. LEVAL,
>       SUSAN L. CARNEY,
>            *Circuit Judges.*

_____

ADEM MAMUDOSKI-AJVAZ, NAKSIE MAMUDOSKA,
>       *Petitioners,*

>       v.                                    11-3099
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:        Sokol Braha, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Terri J. Scadron, Assistant Director; Kathryn L. DeAngelis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Adem Mamudoski-Ajvaz and Naksie Mamudoska, natives of the former Yugoslavia and citizens of Macedonia, seek review of a July 14, 2011, decision of the BIA denying their second motion to reopen. *In re Adem Mamudoski-Ajvaz, Naksie Mamudoska*, Nos. A029 941 216/217 (B.I.A. July 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Indisputably, petitioners' 2010 motion was untimely and number-barred because it was their second motion to reopen and it was filed more than 13 years after the final administrative order in their deportation proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); *see also* 8 C.F.R.

§ 1003.2(c)(2). Moreover, the BIA did not abuse its discretion in declining to equitably toll the time limitation for filing their motion to reopen based on their claim of ineffective assistance of counsel.

In order to warrant equitable tolling, even assuming that prior counsel was ineffective, an alien is required to demonstrate due diligence in pursuing the claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). As the BIA concluded, petitioners failed to demonstrate due diligence. They did not allege any action to discover or pursue ineffective assistance between the denial of relief from deportation in 1996 and their motion to reopen based on that claim in 2010. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007). This conclusion is dispositive of the petition for review insofar as it relates to petitioners' ineffective assistance of counsel claim. We decline to consider the parties' alternative arguments.

Remand for the BIA to explicitly consider the request for *sua sponte* reopening based on good moral character and ties to the United States would be futile. *See Alam v. Gonzales*, 438 F.3d 184, 187-88 (2d Cir. 2006). The BIA previously denied as untimely petitioners' motion to reopen based on these factors, and, in the instant motion, they did not assert that they were eligible for any new forms of relief. *See Matter of G-D-*, 22 I. & N. Dec. 1132, 1133-34 (BIA 1999) ("[W]e invoke our sua sponte authority sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4